IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PANAPRINT, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-374 (MTT) |
| MIDDLESEX INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) |

### ORDER

Defendant Middlesex Insurance Company ("Middlesex") moves the Court for reconsideration of its Order (Doc. 57) denying Middlesex's motion for summary judgment on the 2021 Loss. Doc. 58. In the alternative, Middlesex requests that the Court grant a certificate of immediate review. *Id*.

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id*. "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Middlesex moves for reconsideration on two related issues raised by Middlesex's motion for summary judgment and considered by the Court: coverage and damages. First, Middlesex argued that coverage was barred because Panaprint did not suffer a "direct physical loss." Doc. 46 at 5-8. This argument relied solely on the fact that the scope of repairs from the 2019 and 2021 Losses was the same and Panaprint's roof "was and had been in an unsatisfactory state" before the 2021 Loss. Doc. 46 at 7. Second, Middlesex maintained that Panaprint cannot prove its damages because the scope of repairs from the 2019 and 2021 Losses was the same, and because "Middlesex does not agree that the roof requires scarifying and recoating as a result of alleged hail activity that occurred [in 2019] or [in 2021]."[1] Docs. 21-7 at 16; 36 at 10.

The Court disagreed with Middlesex on both arguments. The Court could not rule as a matter of law that because Middlesex insured a roof that was already damaged by hail, and the past hail damage required the same scope of repairs as new hail damage, such new hail damage should not be covered as a "direct physical loss." Doc. 57 at 13. On the issue of damages, the Court determined that Panaprint raised a question of fact as to whether the property sustained additional damage from the 2021 hail activity because Panaprint's experts opined that the property did in fact sustain additional damage in 2021. *Id*. at 14.

Middlesex does not move for reconsideration of the Court's rulings, but if it had, it has failed to meet Rule 7.6's demanding standard. Rather, in its motion for reconsideration, Middlesex raises a new argument. Middlesex contends that Panaprint

---

[1] Specifically, Panaprint argued: "Because the claimed scope of repair of damage from both alleged losses is the same, the purported hail activity that occurred on May 4, 2021, did not cause any additional damage to plaintiff's property. As such, there is no additional damage to be claimed from the alleged May 4, 2021, loss." Doc. 21-7 at 16.

cannot recover "because coverage, and thereby recovery under the policy, for the 2021 hail event is limited to the cost to restore Panaprint's roof to its pre-occurrence condition—a roof that already needed to be scarified, re-foamed and recoated due to a loss that Panaprint claimed occurred in 2019."  Doc. 58 at 4.  Thus, Middlesex continues, "even if damage caused by the 2021 hail event may be sufficient to require scarification, re-foaming, and recoating the roof, Panaprint is only entitled to recover the cost to restore the roof to its 2021 pre-loss condition—not to the cost to restore the roof to its pre-2019 condition."  *Id.* at 5.  Middlesex cites no authority and no provision of the policy to support its argument that an insured property with preexisting damage cannot recover the cost to repair damage caused by a covered loss.[2]  Rather, Middlesex seems to ignore the fact that its policy provides replacement cost value coverage.  Doc. 1-4 at 41.  Notwithstanding these deficiencies, Middlesex's argument, which was not raised in its motion for summary judgment, is deemed waived under Local Rule 7.6.[3]

Middlesex next argues that the Court should certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).  Doc. 58 at 6.  Interlocutory appeals are strongly disfavored.  *See, e.g., McFarlin v. Conseco Servs*., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004) ("[P]ermitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)) ("[I]nterlocutory appeals are inherently 'disruptive, time-

---

[2] On this point, Panaprint correctly states that Middlesex "conflates the issue of 'direct physical loss' with the loss payment provisions of the Policy."  Doc. 60 at 4.

[3] To the extent that Middlesex believes this argument was an unstated part of its damages argument, it fails nonetheless for the reason stated.

consuming, and expensive,' and consequently are generally disfavored."); *In re Esteva*, 60 F.4th 664, 672 (11th Cir. 2023) (same).  A district court cannot certify an immediate appeal unless: (1) it would "materially advance the ultimate termination of the litigation," and (2) "substantial ground for difference of opinion" exists concerning a "controlling question of law" to be appealed.  28 U.S.C. § 1292(b).

Middlesex maintains that "[t]he issue here of whether the scope of coverage for a 'direct physical loss' under an insurance policy includes preexisting damage arising from a prior occurrence of a loss or damage that went unrepaired by the insured at the time of the second occurrence is a determinative legal issue" and "will materially advance the ultimate termination of this litigation."  Doc. 58 at 7.  As discussed above, Middlesex has offered no explanation or authority for its insistence that preexisting damage, which would incidentally be repaired in the process of repairing damage from a covered loss, should preclude replacement cost value coverage.  Thus, there is no substantial ground for difference of opinion nor a controlling question of law.

Because Middlesex has failed to show that the Court made a clear error in its previous Order (Doc. 57), its motion for reconsideration (Doc. 58) is **DENIED**.  Middlesex's request that the Court certify the Order for interlocutory appeal (Doc. 58) is **DENIED**.

**SO ORDERED**, this 5th day of February, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
